**In re Rainsford J. WINSLOW, et al., Debtors.**

**No. 90–K–663.**
**Bankruptcy No. 89–B–000247E.**

United States District Court,
D. Colorado.

Dec. 5, 1990.

Rainsford J. Winslow, Winifred W. Winslow, Fort Morgan, Colo., pro se.

Christina C. Bauer, Asst. County Atty., Brush, Colo., Philip A. Pearlman, Calkins, Kramer, Grimshaw & Harring, P.C., Denver, Colo., E. Ord Wells, Morgan County Atty., Fort Morgan, Colo., for Morgan County.

Robert J. Dyer, III, Paul G. Urtz, Stutz, Dyer & Miller, Denver, Colo., for Williams Group.

### ORDER ON PENDING MOTIONS

KANE, Senior District Judge.

Rainsford and Winifred Winslow ("Debtors") appeal the bankruptcy court's March 30, 1990 order converting their case from Chapter 11 to Chapter 7. This matter has been briefed and is ripe for ruling but for the fact that no transcript of the proceedings below has been ordered.

Appellee Morgan County has moved to dismiss the appeal due to the Debtors' failure to order a transcript. The Debtors have not designated the transcript as part of the record on appeal, even though they argue that they were denied due process during the conversion hearing. They assert that a full transcript is not necessary to my consideration of this appeal. If they are required to provide a transcript, the

Debtors request permission to have their secretary transcribe it to save costs.

The Bankruptcy Rules are unclear whether the appellant must designate the transcript, or portions of it, as part of the record on appeal. Bankruptcy Rule 8006 states simply that "[i]f the record designated by any party includes a transcript of any proceeding or part thereof, the party shall immediately after filing the designation deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost." This language suggests that designation of the transcript is not mandatory. *See In re Sasson Jeans, Inc.*, 90 B.R. 608, 612 (S.D.N.Y.1988). Nevertheless, the Debtors have the burden of demonstrating error by the bankruptcy court, and it will be nearly impossible to do so without reference to a transcript of the proceedings below. In other instances in which the appellant has failed to designate crucial portions of the transcript, courts have dismissed the appeal or affirmed on the basis of the bankruptcy court's ruling. *See id.; In re Eads*, 69 B.R. 730, 734 (Bankr. 9th Cir.1986), *aff'd in part, rev'd in part on other grounds*, 839 F.2d 1352 (9th Cir.1988). Such a scenario is likely here if I cannot review the record of the hearing to determine whether the Debtors were, in fact, denied due process.

Accordingly, within ten days of the date hereof, Debtors may amend their designation of record to include the transcript of the conversion hearing. If so designated, the Debtors shall immediately order the transcript and make satisfactory arrangements for its payment as provided in Bankruptcy Rule 8006. Debtor's request for permission to file an unofficial transcript is DENIED; bankruptcy and appellate rules do not permit such a procedure. *See* Fed. R.Civ.P. 11(b); Bankr.R. 8007(a). If the Debtors elect not to designate and order the transcript in the time provided, this matter will proceed on the merits without the transcript.

Since the Debtors have not included the transcript in their designation of record, there is no basis to dismiss this appeal for failure to order the transcript. Accordingly, appellee Morgan County's Motion to Dismiss Appeal for Failure to Order Transcript, filed August 23, 1990, is DENIED. Debtors' Motion to Quash Morgan County's Objection to Transcript and Motion to Permit Winslow to Furnish Transcript, filed June 28, 1990, is DENIED.

To the extent it requests affirmative relief, Debtors' Motion to End Travesty, filed June 29, 1990, is DENIED.

Debtors' Motions to Void Claims, filed July 13, 1990 and September 27, 1990, and Motion for Evidentiary Hearing, filed August 17, 1990, are DENIED. These issues were considered fully in the court's order in Appeal No. 89–M–1811.

Debtors' Motion to Vacate Hearing Set for July 31, 1990, filed July 31, 1990, is DENIED as moot.

Debtors' Motion to Supplement Record, filed August 14, 1990, is GRANTED.

Debtors' Motion to Alter or Amend Order Denying Stay, filed August 21, 1990, is DENIED for the reasons stated in the court's August 14, 1990 order denying stay.

Morgan County's Motion for Substitution of Counsel, filed August 23, 1990, is GRANTED.

Debtors' Motion for Relief from Judgment under Rule 60(b), filed August 23, 1990, is DENIED. The motion seeks relief from the bankruptcy court's March 30 order and must be addressed to the bankruptcy court, not the district court. *See* Bankr.R. 9024.

Debtors' Motion to Alter or Amend Denial of Mandamus Action, filed August 24, 1990, Motion for Mandamus Relief and to Quash Rule 2004 Hearing, filed October 16, 1990, are DENIED for the reasons stated in the court's August 16, 1990 ruling in this case and the court's bench ruling on November 24, 1990 in 89–K–934.

Debtors' Motion to Compel Trustee to Enter Findings of Fact and Conclusions of Law, filed August 24, 1990, is DENIED. The bankruptcy trustee is not authorized to

make findings of fact and conclusions of law. *See* 11 U.S.C. § 704.

Debtors' Request Directed to Clerk/Secretary to Judge Richard P. Matsch, filed October 4, 1990, is DENIED.

Several parties have requested sanctions against the Debtors for their filing of various pleadings in this case which address matters litigated previously. The Williams Group requests sanctions in its response to the Debtors' motion for evidentiary hearing, filed August 20, 1990. C. Gail Hunter, the Chapter 7 trustee ("Trustee"), has requested sanctions including attorney fees in her response to the Debtors' motion for mandamus relief, filed November 1, 1990.

■■■■ The strictures of Fed.R.Civ.P. 11 apply to parties appearing *pro se* as well as those represented by attorneys. Rule 11 prohibits, among other things, the filing of papers "interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." The Debtors are hereby advised that the only matters at issue in this case concern the bankruptcy court's March 30, 1990 order converting their case from Chapter 11 to Chapter 7 and that, in the future, the filing of pleadings concerning other matters not at issue will subject them to sanctions. The Trustee's request for monetary sanctions in the form of attorney fees is DENIED.