**In re Rainsford J. WINSLOW, Debtors.**

**Rainsford J. WINSLOW and Winifred W. Winslow, Debtors–Appellants,**

v.

**WILLIAMS GROUP and Morgan County, Creditors–Appellees.**

Civ. A. Nos. 89–K–1811, 90–K–663. Bankruptcy No. 89–B–247–E.

United States District Court, D. Colorado.

Oct. 10, 1991.

Order on Restrictions Nov. 8, 1991.

` See also 131 B.R. 171, 123 B.R. 641, 123 B.R. 647.

Rainford Winslow, pro se, and for debtors-appellants.

Arthur Lindquist–Kleissler, Robert J. Dyer, III, Philip A. Pearlman, Denver, Colo., Christina C. Bauer, Brush, Colo., E. Ord Wells, Ft. Morgan, Colo., and Solomon & Lindquist–Kleissler, Denver, Colo., for creditors-appellees.

## ORDER DENYING MOTION FOR RULE 60(B) RELIEF AND LIMITING THE FILING OF MOTIONS FOR RECONSIDERATION

KANE, Senior District Judge.

On September 16, 1991, Rainsford J. and Winifred W. Winslow filed a "Verified Motion to Prevent Morgan County/Williams Class from Getting a Million Dollar Reward after Committing Two Serious Fraudulent Federal Felonies as per Title 18 USC §§ 152 and 1001 which is Projected to be the Biggest and Most Infamous Crime in the History of Morgan County." The Winslows allege:

(1) in 1980, attorney Stanley Rosener committed a criminal act by tapping into the Winslows' privately owned sewer system without permission;

(2) in June, July and September 1989, Morgan County and the Williams Group, two creditors of the Winslow bankruptcy estate, filed false proofs of claims by concealing that they had not revived the state court judgments upon which their claims were based;

(3) the attorneys representing Morgan County and the Williams Group, the bankruptcy trustee and her counsel, and the U.S. Trustee participated in the concealment of the falsity of the claims;

(4) Judge Matheson, presiding in the Winslows' bankruptcy case, approved the Morgan County and Williams Group claims as secured;

(5) the Winslows did not get a fair trial before an impartial judge in the state court action which resulted in the judgments in favor of Morgan County and the Williams Group; and

(6) two of the three state court judges hearing an appeal related to the state

court judgments were improperly appointed.

(*See* Motion at 2–3).

The motion requests relief under Rule 60(b)(3) and (4), from final judgments entered in Civil Action Nos. 89–K–1811 and 90–K–633 on May 8, 1990 and February 5, 1991, respectively. The Winslows have further appealed both judgments. On June 7, 1991, the Court of Appeals for the Tenth Circuit entered an order and judgment affirming this court's ruling in No. 89–K–1811. *See Winslow v. Williams Group (In re Winslow)*, 935 F.2d 278 (10th Cir.1991). The appeal of No. 90–K–663 is still pending. *See Winslow v. Morgan County (In re Winslow)*, No. 91–1047 (notice of appeal filed Feb. 5, 1991).

This motion demonstrates the Winslows' litigiousness, disorganization and repeated disregard for the authority of this court. This is now the fifth motion seeking extraordinary postjudgment relief that the Winslows have filed in connection with No. 89–K–1811.[1] In an order entered on February 15, 1991, I denied the preceding two motions, explaining that they were procedurally improper in the context of a bankruptcy appeal. (Order on Rule 59(e) and Rule 60(b) Mots. and Mot. for Subs. of Counsel at 1–2.) In addition, I noted that "[i]f ... the Debtors are seeking to have the *state* court judgments against them altered through these motions, this court has no jurisdiction to do so...." (Order on Rule 59(e) and Rule 60(b) Mots. at 2.) Again the Winslows raise the validity of these state court judgments, as well as other matters extraneous to both cases.

Similarly, in connection with No. 90–K–663, I denied the Winslows' Motion for Relief from Judgment under Rule 60(b), filed August 23, 1990, advising them that such relief must be sought from the bankruptcy court. *See In re Winslow*, 121 B.R. 598, 600 (D.Colo.1990). In that order, and in response to several parties' request for sanctions due to the Winslows' repeated

attempts to raise issues not germane to the appeal, I noted that the Winslows, as pro se parties, were subject to the strictures of Rule 11. *Id.* at 600. In addition, I stated, "[t]he Debtors are hereby advised that the only matters at issue in this case concern the bankruptcy court's March 30, 1990 order converting their case from Chapter 11 to Chapter 7 and that, in the future, the filing of pleadings concerning other matters not at issue will subject them to sanctions." *Id.*

 This court has exercised considerable patience with the Winslows' hypergraphia. They apparently believe that a case, including one long resolved by a final order of the court, can simply be reopened by filing a pleading containing the terminated case number, though the matters raised are clearly outside of the scope of the case. A lawsuit does not rise like a phoenix from the ashes. Once resolved on its merits, a case will be reopened and extraordinary postjudgment relief granted only on a strong showing of good cause. *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir.1990) (relief from judgment under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances"). Simple persistence, as demonstrated here, in the filing of repetitious motions for reconsideration and postjudgment relief does not constitute good cause.

 Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, motion, or other paper" shall be signed by a party or a party's attorney. That signature

> constitutes a certificate by the signer
> that the signer has read the pleading,
> motion or other paper; that to the best
> of the signer's knowledge, information,
> and belief formed after reasonable in-
> quiry it is well grounded in fact and is
> warranted by existing law or a good
> faith argument for the extension, modifi-

---

**1.** The four previous motions were: (1) "Verified Motion for Rehearing as Per BR 8015," filed May 18, 1990; (2) "Motion to permit Winslows to File Attached Memorandum in Support of Verified Petition for Rehearing," filed June 1, 1990; (3) "Verified Motion to Alter or Amend Order as Per FRCP 59(e), filed June 6, 1990; and (4) "Motion for Relief from Judgments as Per FRCP 60(b)(4), filed September 20, 1990. Each was denied.

cation, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11. " 'The certification requirement now mandates that *all* signers consider their behavior in terms of the duty they owe to the court system to conserve its resources and avoid unnecessary proceedings.' " *Business Guides, Inc. v. Chromatic Communications Enters., Inc.*, —— U.S. ——, 111 S.Ct. 922, 929, 112 L.Ed.2d 1140 (1991) (citing 5A C. Wright & A. Miller, *Federal Practice & Procedure* § 1331 at 21 (1990)).

Rule 11 applies to persons representing themselves *pro se* as well as persons represented by attorneys. *See Eisenberg v. University of N.M.*, 936 F.2d 1131, 1134 (10th Cir.1991). While *pro se* pleadings are held to less stringent standards than those drafted by attorneys, *see Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir.1988), *pro se* status does not confer a license to " 'harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.' " *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir.1988) (citation omitted).

Furthermore, the court is empowered under 28 U.S.C. § 1651(a) to sua sponte enjoin a litigant from abusing the court system. *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.1989). " '[E]ven onerous conditions' may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved," *id.* at 352 (citation omitted), and the litigant is not denied meaningful access to the courts. Especially in a case, as here, where a party simply refuses to accept an adverse judgment, "the courts are not powerless in these circumstances and are not required to expend judicial resources endlessly entertaining repetitive arguments. Nor are opposing parties required to bear the burden of meritless litigation." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir.1990).

The Winslows have repeatedly been cautioned that the filing of repetitious motions for reconsideration will not be tolerated.[2] They have specifically been warned in No. 90–K–663 that the filing of pleadings not germane to the action would be sanctioned under Rule 11. Yet they persist in disregarding the orders of this court, and refuse to accept the finality of the judgments entered against them. In light of the excessive burden that their actions have placed on this court and other parties to the litigation, I find that the following measures are justified under Rule 11 and 28 U.S.C. § 1651(a).

In the future, any motion for reconsideration of an order of this court, however denominated, may be filed only with the court's permission. To obtain this permission, the Winslows must first file a separate motion for leave of court to file a motion for reconsideration. The motion for leave of court shall (1) include a copy of the proposed motion for consideration, (2) identify the specific procedural rule upon which the request for reconsideration is based, (3) specify each factual finding or legal conclusion for which reconsideration is desired, and (4) contain a certification that the arguments presented in the proposed motion for reconsideration are germane to the action and have not been raised or ruled upon in the action or in any other proceeding in which the Winslows are or were parties. A motion for reconsideration not accompanied by a motion for leave of court shall be stricken. Repeated disregard of the above

---

**2.** In addition to the instances noted above, in another case, I entered an order restricting the Winslows' ability to commence original civil proceedings in this district without first obtaining leave of court. *See Winslow v. Romer*, 759 F.Supp. 670 (D.Colo.1991). The Winslows filed several motions for reconsideration. In an order denying those motions, I stated:

Winslow again engages in the same practice which led to the entry of the March 20 order restricting his abusive practices. None of the multiple motions for reconsideration filed in this case raises any new issues not adequately addressed in my original ruling.... Winslow shall refrain from filing repetitive motions for reconsideration in this case. If additional motions for reconsideration are filed, they will be stricken.

(Order, filed April 23, 1991, at 1–2.)

limitations shall be grounds for the issuance of a contempt citation.

■ Due process requires that the Winslows be given prior notice and the opportunity to oppose these restrictions before they are instituted. *See Tripati*, 878 F.2d at 354. "The notice and opportunity requirement does not, however, require an in-person hearing in the district court." *Id.* Thus, the Winslows may respond, in writing, to this order on or before October 21, 1991. If no response is timely filed, the restrictions contained in this order shall take effect on that date. If the Winslows timely file objections to this order, the restrictions shall not take effect until further order of the court.

Accordingly, the Winslows' motion for Rule 60(b) relief is DENIED, and their request for a hearing on this motion is DENIED. In addition, the motion entitled "Verified Memorandum in Support of Disqualification of Judge Charles E. Matheson and Complaints Concerning Three Other Bankruptcy Court Judges Which Should be Reported to the U.S. Senate Judiciary Committee for Investigation," filed on September 24, 1991 in No. 90–K–663 is DENIED, as it seeks relief not cognizable in the action.

### ORDER ON RESTRICTIONS

On October 10, 1991, I entered an order contemplating the institution of limitations on the Debtors' ability to file motions for reconsideration in this court. I permitted the Debtors to respond in writing to this order before it took effect. The Debtors did so on November 4, 1991.

The Debtors' response reflects their continued inability to accept the rulings of this and other courts. Contrary to their suggestion, I have not failed to construe their pro se pleadings liberally, and, in fact, I have done so with regularity. Nor have I applied procedural rules more stringently with respect to the Debtors. This court is not required, however, to engage in the repetitive exercise of explaining to the Debtors that their attempt to collaterally attack state court judgments in federal court, no matter how styled, is futile. Their instant response again reflects their fundamental misunderstanding of the jurisdictional limitations on this court and their failure to acknowledge the finality of judgments against them.[1]

Accordingly, good cause appearing therefor, the restrictions on the Debtors' ability to file motions for reconsideration contained in this court's order of October 10, 1991 shall take effect as of the date hereof.

---

1. For example, the Debtors again request habeas corpus relief on behalf of themselves and the Morgan Heights class. As the Tenth Circuit explained in *Winslow v. Shinn*, No. 88–1231, slip op. at 2–4 (10th Cir. Dec. 28, 1988) (unpublished disposition affirming district court and imposing sanctions against the Debtors), the Debtors are precluded from seeking habeas corpus relief because they are not in custody, and furthermore, they are not qualified to do so on behalf of the Morgan Heights class. The Debtors again fail to acknowledge the existence of court rulings disposing of the issues they raise. The Debtors cite *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), (upon which they also relied in *Winslow v. Shinn* ), and *Syl*-vander v. New England Home for Little Wanderers, 584 F.2d 1103 (1st Cir.1978), for the proposition that they need not be in prison to be in custody. Their reliance on both cases is misplaced. In *Jones*, the Court held that a parolee could be considered to be in custody because of certain significant restraints on his liberty. *See* 371 U.S. at 242, 83 S.Ct. at 376. In contrast to *Jones*, the Debtors have voluntarily placed themselves in bankruptcy in an attempt to avoid collection of the state court judgments against them. The alleged restrictions on their liberty are of their own making and are hardly comparable to those in *Jones*. In *Sylvander*, the First Circuit held that the habeas remedy was *not* available. 584 F.2d at 1112–1113.