In re Kenn R. KRIEGISH, Debtor.

Richard Lipan, d/b/a Majestic Construction, Appellant,

v.

Kenn R. Kriegish, Appellee.

No. 01–CV–10358–BC.

United States District Court, E.D. Michigan, Northern Division.

April 10, 2002.

Matthew T. Smith, Oade, Stroud, East Lansing, MI, for appellant.

Jack A. Weinstein, Saginaw, MI, for appellee.

### *OPINION AND ORDER DENYING MOTION TO DISMISS APPEAL*

LAWSON, District Judge.

In an adversary proceeding, the bankruptcy court held that a portion of an obligation owing by the appellee, Kenn R. Kriegish, to the appellant was nondischargeable under 11 U.S.C. § 523(a)(4). The debtor appealed that judgment to this Court in case number 01CV–10213–BC, and this Court recently affirmed the judgment of the bankruptcy court. While that appeal was pending, the appellant attempted to enforce that judgment by means of a writ of garnishment. The bankruptcy judge quashed the writ of garnishment, and the appellant now appeals that decision in this proceeding. The matter is now before this Court on the motion by the appellee-debtor to dismiss the instant appeal as untimely and for other procedural defects. The Court finds that the notice of appeal was filed out of time, but that the late filing should be excused because excusable neglect is found. The other procedural defects do not warrant dismissal.

The appellee-debtor's motion will therefore be denied.

## I.

The bankruptcy court quashed the writ of garnishment by order dated November 2, 2001. The notice of appeal was filed in this Court on November 14, 2001, twelve days later. The appellant used the United States Postal Service to transmit the notice of appeal; the appellant's proof of service states that the documents were placed in the mail on November 7, 2001.

## II.

### A.

A notice of appeal must be filed within ten days of entry of the judgment or order from which an appeal is sought. Fed. R. Bankr.P. § 8002(a). The notice of appeal is to be filed with the clerk of the bankruptcy court, Fed. R. Bankr.P. § 8001(a); however, "[i]f a notice of appeal is mistakenly filed with the district court or the bankruptcy appellate panel, the clerk of the district court or the clerk of the bankruptcy appellate panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted." Fed. R. Bankr.P. § 8002(a). With the exception of appellate briefs, placing papers in the mail within the allotted time period will not ensure timely filing if they are not received by the clerk before the deadline. Fed. R. Bankr.P. § 8008 ("Papers required or permitted to be filed with the clerk of the district court or the clerk of the bankruptcy appellate panel may be filed by mail addressed to the clerk, but filing is not timely unless the papers are received by the clerk within the time fixed for filing, except that briefs are deemed filed on the day of mailing."). Consequently, the appellant's notice of appeal, although filed in the wrong court, is

deemed filed in the bankruptcy court on November 14, 2001—two days late.

■ The timely filing of a notice of appeal is a jurisdictional prerequisite to this Court's consideration of the appeal. *In re Dow Corning Corp.*, 255 B.R. 445, 465 (E.D.Mich.2000) (Hood, J.). However, under certain circumstances, the time within which a notice of appeal can be filed may be enlarged. Fed. R. Bankr.P. § 9006(b)(1) states:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

The appellant contends that the tardy filing of his notice of appeal results from excusable neglect and therefore he is entitled to the protection of this rule.

The leading case on excusable neglect under the Federal Rules of Bankruptcy Procedure is *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In that case, creditors of a Chapter 11 debtor sought an extension of the bar date for filing late proofs of claim, alleging excusable neglect. The bankruptcy court rejected the request, finding that the creditors had failed to demonstrate that the failure to timely file was due to reasons beyond the creditors' control, but the Court of Appeals for the

Sixth Circuit reversed. The Supreme Court affirmed the Sixth Circuit, holding that the concept of "excusable neglect," also found in Federal Rule of Civil Procedure 6(b), was not so limited. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392, 113 S.Ct. 1489. In the absence of clearer guidance from Congress, the Court found that the determination of excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. 1489.

The Court of Appeals for the Sixth Circuit applied the rationale expressed in *Pioneer Investment*, and later in *Stutson v. United States*, 516 U.S. 193, 116 S.Ct. 600, 133 L.Ed.2d 571 (1996), to a jurisdictional document—a notice of appeal under Fed. R.App. P. 4(a)—in *United States v. Thompson*, 82 F.3d 700 (6th Cir.1996). In that case, the Court noted that the "liberal understanding of 'excusable neglect'" articulated by the Supreme Court in *Pioneer Investment* interpreting bankruptcy rules was applied with equal force to a notice of appeal in a criminal case in *Stutson*. The *Thompson* Court then held that "[i]n order to avoid future confusion in the district courts, we join our sister circuits in holding that the analysis of *Pioneer* is also applicable to civil appeals under Fed. R.App. P. 4(a)." *Id.* at 702. The Court then prescribed the method of analyzing requests for extension of time under Fed. R.App. P. 4:

> When requesting an extension of time, the party seeking the extension must first establish excusable neglect. If no excusable neglect is shown, the extension cannot be granted. Should the district court find excusable neglect, the court must then examine the questions of prejudice and bad faith. If there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration, the district court may then choose to exercise its discretion and deny the requested extension.

*Thompson,* 82 F.3d at 702.

This Court finds that the analytical methodology prescribed by the Court of Appeals for dealing with extensions for notices of appeal under Fed. R.App. P. 4 applies equally to notices of appeal under Fed. R. Bankr.P. § 8002(a). Relief in both instances depends on a finding of excusable neglect. The "liberal understanding of 'excusable neglect'" was introduced by the Supreme Court in the context of a bankruptcy proceeding. Applying that concept to a notice of appeal in the bankruptcy context merely completes the circle.

"Neglect . . . encompasses both simple, faultless omissions to act and omissions caused by carelessness." *Thompson,* 82 F.3d at 702. The appellant observes that he mailed his notice of appeal on November 7, 2001, and argues that it is almost inconceivable that the notice would take seven days to travel from Lansing to Bay City, as such mail generally takes no more than two days. If for some reason it did, the appellant contends that is not his fault. He observes that, to the extent that delays in the mail, perhaps from the anthrax scare, prevented the notice from arriving on time, that is beyond his control and should constitute excusable neglect.

This Court agrees. Although the Bankruptcy Rules warn that mail filings are not effective until received, the Rules do not require in-person filings in every instance. Because the Rules do not *prohibit* use of the mail to transmit papers to court, it is proper to apply a rule of reason to the practice and grant some latitude to a litigant who places a document in the mail with apparently ample time for delivery.

The problem of tardy mail was addressed briefly by the Third Circuit in *In re Cendant Corp. Prides Litigation*, 233 F.3d 188 (3d Cir.2000). There, the appellant contended that the district court had abused its discretion by admitting several late claims submitted by members of a settlement class. The Third Circuit rejected this argument, finding that the district court had acted within its discretion in excusing several tardy claims. "Without reviewing each claim independently, we set forth several examples which should suffice; the failure of claimants to receive notice, illness, *misrouted mail*, intervening company name changes, or short internal mail system delays all seem to us to fall within the ambit of reasons which a District Court, in its discretion, may reasonably accept under 'excusable neglect.'" *Id.* at 197 (emphasis added).

Likewise, the tardy filing of the notice of appeal in this case was due to excusable neglect. At some point, counsel should be able to have faith that mail sent several days before a deadline will arrive in a timely manner. A finding of excusable neglect is particularly appropriate given the problems with anthrax that plagued the postal service throughout the Fall of 2001, and which almost certainly delayed several pieces of mail.

The prejudice to the appellant—dismissal of the appeal—is severe, and the appellee alleges no prejudice. The extent of the delay was also very short: the Bankruptcy Court's Order was entered November 2, 2001, and the appeal was docketed on November 14, 2001. Because November 12, 2001 was Veterans Day, the ten days technically did not expire until November 13, 2001, making the notice a single day late. *See* Fed. R. Bankr.P. § 9006(a). There also is no indication that the appellant proceeded in bad faith. The proof of service of the appeal documents was dated November 7, 2001, which was well before the November 12 deadline. The time for filing, therefore, shall be enlarged to render the notice of appeal timely filed.

## B.

Next, the appellee argues that the appeal is untimely because the appellant is merely seeking to collaterally attack the May 10, 2001 judgment between the parties. Because the appellant did not challenge that judgment, appellee claims, the appellant cannot now question the type of judgment that was entered.

The appellant responds that he is not attacking the May 10, 2001 judgment, only the bankruptcy court's determination of the *effect* of that judgment. This appeal neither seeks nor requires this Court to revisit the merits of that judgment. The appellant notes that the Bankruptcy Court, not the appellant, put this matter at issue by requesting supplemental briefing on August 16, 2001, on the effect of the May 10, 2001 judgment. These supplemental briefs led to the lower court's decision.

The appellee's contention has no merit. The order from which the appellant seeks an appeal is the order quashing the writ of garnishment, not the judgment itself. It is true that the basis of the lower court's action is its interpretation of the effect of that judgment, and that a determination of the instant appeal will require a review of that finding as well. However, the validity *vel non* of the writ of garnishment does

not require a collateral attack on the prior judgment because the appellant does not ask this court to affirm, reverse or modify the judgment itself.

### III.

■ The appellee next complains that the appellant violated Fed. R. Bankr.P. § 8006 by filing serial amended designations of documents for the record on appeal in a tardy fashion and without the consent of appellee. He contends that the appellant's filing of a designation of documents to be included in the record on appeal on November 19, 2001, followed by an amended designation on November 21, 2001, and yet another amended designation which included transcripts of the pertinent hearings on January 9, 2002, requires dismissal of the appeal. Rule 8006 states:

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a), ... the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Within 10 days after the service of the appellant's statement the appellee may file and serve on the appellant a designation of additional items to be included in the record on appeal.... The record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order, or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court. Any party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense. If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

A similar issue arose in the case of *In re Winslow,* 121 B.R. 598 (D.Colo.1990). There, the appellants failed to provide the transcript altogether, and the appellees moved for summary dismissal. The Court acknowledged that failure to submit the transcript could provide grounds for summary affirmance of the bankruptcy court's decision, but also found that Rule 8006 did not make the filing of a transcript mandatory. *Id.* at 599. This was not a case, the Court stressed, where the transcript had been included in the appellant's Designation but never provided. Accordingly, the Court determined that the best way to proceed was to order the appellant to provide a transcript within ten days and to amend its Designation as necessary. *Id.*

■ Courts are extremely reluctant to dismiss appeals with an incomplete record unless bad faith or prejudice to the appellee is demonstrated. *See In re CPDC, Inc.,* 221 F.3d 693, 700–01 (5th Cir.2000). The appellee makes no claim of bad faith and does not allege prejudice. Nor does the appellee allege that the appellant's failure to file a transcript is a jurisdictional defect. He asks only that those transcripts be stricken. Although the appellant has failed to properly adhere to the requirements of Rule 8006, there is no indication that the additional submission prejudiced the appellee or that the delay was occasioned by bad faith or improper motive on the appellant's part. The transcripts will certainly help this Court reach a more informed decision on the merits. No relief is called for here.

## IV.

The delay in filing is excusable and therefore presents no jurisdictional obstacle to proceeding with the merits of the appeal. Nor do the other procedural irregularities justify the relief the appellee requests.

Accordingly, it is **ORDERED** that the appellee's motion to dismiss the appeal [dkt # 5] is **DENIED.**

The Court previously ordered the appellant's brief to be filed on or before January 31, 2002, appellee's brief to be filed on or before February 28, 2002, and the appellant's reply brief filed by March 14, 2002. Pursuant to the parties' stipulation, the appellee has not yet filed his brief. Therefore, it is further **ORDERED** that the appellee shall file his brief on appeal on or before **April 22, 2002;** the appellant may file a reply brief on or before **May 6, 2002.**