995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William D. ZACK, Defendant-Appellant.
 No. 93-1045.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1993.
 
 1
 Before: GUY and SUHRHEINRICH, Circuit Judges, and DOWD, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court order denying his motion for a new trial filed under Fed.R.Crim.P. 33. He moves for leave to proceed in forma pauperis on the appeal. Additionally, he has filed a motion for release pending appeal. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, William D. Zack was found guilty of conspiracy to defraud the United States, two counts of tax evasion, and seven counts of filing false tax returns. He was sentenced to serve seventy months imprisonment. The conviction and sentence were affirmed on appeal. United States v. Zack, No. 91-2150 (6th Cir. Jan. 19, 1993) (per curiam) (unpublished).
 
 
 4
 In his motion for a new trial, Zack presented three grounds for relief: newly discovered evidence, ineffective assistance of counsel, and insufficient evidence to support the conviction. The district court determined that Zack's allegations were insufficient to establish grounds for relief under Fed.R.Crim.P. 33. The motion was denied.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by denying the motion for a new trial. See United States v. Barlow, 693 F.2d 954, 966 (6th Cir.1982), cert. denied, 461 U.S. 945 (1983). A defendant who seeks a new trial based on newly discovered evidence must show that the evidence (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried. Id.
 
 
 6
 In his motion and affidavit, Zack alleged that key prosecution witnesses gave perjured testimony with the knowledge of the prosecutor. He pointed to inconsistencies in the testimony, asserted that the prosecutor used care to prevent the inconsistencies from being discovered, and maintained that his counsel was ineffective in impeaching the prosecution witnesses. Zack did not allege any newly discovered evidence, but merely sought to challenge the credibility of the prosecution witnesses. The district court did not abuse its discretion when it found that Zack did not satisfy the four-prong test of Barlow.
 
 
 7
 The district court also employed an alternate two-prong test applied where the motion for a new trial is based on newly discovered evidence of perjured testimony. See Larrison v. United States, 24 F.2d 82, 87 (7th Cir.1928). Following review of the record and Zack's affidavit in support of his motion, the district court determined that Zack failed to meet the first part of the Larrison standard, that is, to show that the challenged testimony was false. See id. The district court did not abuse its discretion by denying the motion for a new trial under this alternate standard. See United States v. Chambers, 944 F.2d 1253, 1264 (6th Cir.1991), cert. denied, 112 S.Ct. 1217 and 1680 (1992).
 
 
 8
 Zack was not entitled to a new trial on his remaining claims because his motion was untimely as to those claims. See Fed.R.Crim.P. 33.
 
 
 9
 Accordingly, the motion for pauper status is granted for the purposes of this appeal only. Inasmuch as Zack's motion for a new trial is groundless, the motion for release pending appeal is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation