28 F.3d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William D. ZACK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2493.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1994.
 
 Before: JONES and RYAN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from an order denying a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, William D. Zack was convicted after a jury trial of conspiracy to defraud the United States, in violation of 18 U.S.C. Sec. 371, and two counts of tax evasion and seven counts of filing tax returns, all in violation of 26 U.S.C. Sec. 7201. These convictions were affirmed on direct appeal. United States v. Zack, Nos. 91-2150, etc., 1993 WL 8744 (6th Cir. Jan. 19, 1993).
 
 
 3
 Zack filed a series of post-conviction challenges to his conviction, including a motion to vacate sentence in 1993. The district court denied the motion. Zack did not take a direct appeal. Zack, instead, moved for reconsideration of the district court's decision and filed the present appeal from the order denying reconsideration. The parties have briefed the issues; Zack is proceeding without benefit of counsel. In addition, Zack moves for release on bond pending the resolution of this appeal.
 
 
 4
 The district court denied Zack's motion to vacate as the issues raised had largely been decided against Zack in previous decisions and the remainder were frivolous. The record and law support the district court's conclusion that Zack has failed to show a fundamental defect in the underlying proceedings that inherently resulted in a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 Zack and his partner, Lester Sova, owned a tool and die company. In 1981, they embarked on a scheme whereby they issued company checks to confederates under the guise of legitimate business expenses. The confederates would cash the checks for a small percentage and return the remainder of the proceeds to Zack and Sova. In this fashion, Zack and Sova sought to reduce the tax liability of their company while increasing their tax-free income, estimated at more than one million dollars. In addition, Zack and Sova made illegal kickbacks to employees of Ford Motor Company and General Motors to obtain favorable contracts from 1982 through 1984.
 
 
 6
 At trial, most of the other parties to the scheme testified for the government. In Zack's defense, his counsel unsuccessfully attempted to introduce into evidence checks from Zack to the company totaling approximately $700,000. This was an apparent effort to negate the inference that Zack personally benefitted from the scheme or evaded his tax obligations by showing that the funds were used solely for kickbacks to Ford and General Motors.
 
 
 7
 On appeal, the conviction and sentence of Zack and Sova were affirmed in all respects. The district court's subsequent denial of Zack's Fed.R.Crim.P. 33 motion for a new trial was affirmed by another panel of this court. United States v. Zack, No. 93-1045, 1993 WL 206474 (6th Cir. Jun. 14, 1993), cert. denied, 114 S.Ct. 721 (1994).
 
 
 8
 Zack's motion to vacate, although lengthy, sets forth just three basic grounds for relief: a hybrid newly discovered evidence/government misconduct claim, ineffective assistance of trial counsel, and a claim that the jury verdict is not supported by the weight of the evidence. The essence of the first and second claims has been considered and rejected by previous Sixth Circuit panels; the third claim is not cognizable in this context.
 
 
 9
 Zack initially contends that several of the witnesses against him perjured themselves with the government's knowledge. This ground is rife with speculation, statements closely akin to closing argument and unsupported assaults on witness credibility. These same assertions appeared in Zack's Rule 33 motion and were summarily rejected at the district court level and on appeal to this court. An issue that has been decided on appeal may not thereafter be relitigated in a second appeal. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974), cert. denied, 423 U.S. 861 (1975).
 
 
 10
 Zack's second claim has likewise been raised and rejected in the Sixth Circuit. Zack complains that his trial counsel was ineffective chiefly because he was not successful in his attempts to have the aforementioned personal checks introduced into evidence. This failure, Zack continues, led to other trial errors, most notably inadequate jury instructions. On direct appeal, the panel addressed the merits of this claim in the context of trial error. After noting that counsel for Zack had not offered any foundation for the admission of the checks, the panel observed that
 
 
 11
 [t]here was no evidence that the checks were for the purpose of repaying funds taken from the company through the invoice scheme. Moreover, the bogus tax scheme started before and ended after the kickbacks. Therefore it is implausible that the only purpose of the funds was to support the kickbacks. It is simply irrelevant that some of the money acquired through the tax scheme was used for kickbacks.... Moreover, the denial of the instruction did not impair Zack's theory of the case because, as discussed, this theory is implausible. Zack started the tax scheme and continued it after the kickbacks ceased. For these reasons, the district court properly disallowed these instructions.
 
 
 12
 United States v. Zack, 1993 WL 8744, slip op. at * * 2.
 
 
 13
 One seeking collateral relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). In this context, prejudice is the clearly negative impact on the results of the trial. Rice v. Marshall, 816 F.2d 1126, 1131-32 (6th Cir.1987). There is no apparent prejudice in this context. The issue of the checks' relevancy and importance to Zack's defense has been decided adversely to Zack and will not be relitigated. Stephan, 496 F.2d at 528-29. This claim lacks merit.
 
 
 14
 Finally, Zack challenges the weight of the evidence supporting the jury verdict. This court has repeatedly held that the sufficiency of evidence to support a conviction may not be collaterally reviewed on a Section 2255 proceeding. United States v. Osborn, 415 F.2d 1021, 1024 (6th Cir.1969) (en banc), cert. denied, 396 U.S. 1015 (1970); United States v. Shields, 291 F.2d 798, 799 (6th Cir.), cert. denied, 368 U.S. 933 (1961). Moreover, claims that could have been raised on direct appeal but were not may not be raised in a Section 2255 proceeding unless the defendant demonstrates cause to excuse the failure and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). This appeal is meritless.
 
 
 15
 Accordingly, the motion for release on bond is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.