UNITED STATES of America, Plaintiff–Appellee,

v.

T.J. THOMPSON, Defendant–Appellant.

No. 95–1487.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 26, 1996.

Decided May 1, 1996.

---

1. *Quoted in Coolidge v. New Hampshire,* 403 U.S. 443, 454, 91 S.Ct. 2022, 2031, 29 L.Ed.2d 564 (1971).

Mark C. Jones, Asst. U.S. Atty. (briefed), Flint, MI, for Plaintiff-Appellee.

T.J. Thompson (briefed), Pekin, IL, pro se.

Before: MARTIN, GUY, and RYAN, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.

This case presents us with an issue which we face on a weekly basis; motions to extend the time to file a notice of appeal under Fed. R.App. P. 4. In 1990, T.J. Thompson was convicted of conspiring to distribute cocaine in violation of 21 U.S.C. § 846 and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Thompson was sentenced to 25 years of imprisonment. We affirmed Thompson's conviction on direct appeal. Thompson then filed a motion to vacate his sentence pursuant to 28 U.S.C.

§ 2255. The district court denied the motion as meritless and we affirmed the district court's judgment on this appeal.

With both appeals behind him affirmed, Thompson then moved the district court for a new trial based upon newly discovered evidence pursuant to Fed.R.Crim.P. 33. The district court denied the motion in an order entered February 17, 1995. On March 6, 1995, Thompson filed his notice of appeal, seven days after the notice was required to be filed under Fed. R.App. P. 4(b). On May 18, 1995, we dismissed Thompson's appeal for lack of jurisdiction on the basis that the appeal was late because we are unable to enlarge the time for filing a notice of appeal. Fed. R.App. P. 26(b); *United States v. Thompson*, No. 95–1272, slip op. at 2 (6th Cir. May 18, 1995) (order). We noted, however, that if Thompson could obtain from the district court an order of extension of time, his appeal in No. 95–1272 would be reinstated. *Id.*

Thompson, taking our suggestion, then moved in the district court for an extension of time to file his notice of appeal under Fed. R.App. P. 4(b). In his extension motion, Thompson provided several reasons why his notice was not timely filed. Even so, the district court denied the motion on April 19, 1995, finding that Thompson had not presented sufficient grounds to warrant an extension.

Thompson now appeals the district court's denial of his motion for an extension of time. Thompson argues that his notice was untimely, in part, because 1) Monday, February 20, 1995, was a federal holiday; 2) his receipt of the order denying his motion for a new trial was delayed through the prison mail system, and that he did not receive the order until six days after it was entered on the docket; 3) he was unable to prepare and mail the notice on the day he received the order denying his motion for a new trial because he was unable to purchase stamps and a copy card until the following day, March 1, 1995; and 4) he lacks legal expertise and must rely on the knowledge of other inmates when drafting court documents.

The analysis of appeals from orders addressing motions for extensions of time un-

der Fed. R.App. P. 4(b) must be examined pursuant to the recent decisions of *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) and *Stutson v. United States,* —— U.S. ——, 116 S.Ct. 600, 133 L.Ed.2d 571 (1996) (per curiam). These cases provide us with a more liberal definition of what constitutes excusable neglect when an individual seeks a motion for an extension of time in the district court under Fed. R.App. P. 4. *Stutson,* —— U.S. at ——, 116 S.Ct. at 602; *Pioneer,* 507 U.S. at 387 n. 3, 113 S.Ct. at 1494 n. 3.

■ Under *Pioneer,* the Supreme Court was presented with the question of what constitutes "excusable neglect" under Bankruptcy Rule 9006(b)(1). The Court found that the rule grants a party "a reprieve to out-of-time filings that were delayed by 'neglect.'" *Pioneer,* 507 U.S. at 388, 113 S.Ct. at 1494. The Court defined neglect as some jurisdictional act which was left "'undone or unattended to esp[ecially] through careless-. ness.'" *Id.* (citation omitted). Neglect thus encompasses both simple, faultless omissions to act and omissions caused by carelessness. *Id.* With *Pioneer* as its basis, the Supreme Court expanded in *Stutson* its "excusable neglect" analysis beyond the confines of the bankruptcy rules to Fed. R.App. P. 4. In *Stutson,* the Court noted that the "liberal understanding of 'excusable neglect'" announced in *Pioneer* is especially applicable in criminal appeals under Fed. R.App. P. 4(b). *Stutson,* —— U.S. at ——, 116 S.Ct. at 602. The Court emphasized that:

> [I]t is not insignificant that this is a criminal case. When a litigant is subject to the continuing coercive power of the Government in the form of imprisonment, our legal traditions reflect a certain solicitude for his rights, to which the important public interests in judicial efficiency and finality must occasionally be accommodated. We have previously refused to allow technicalities which caused no prejudice to the prosecution to preclude a remand under 28 U.S.C. § 2106 (1988 ed.) "in the interests of justice." *Wood v. Georgia,* 450 U.S. 261, 265, n. 5, 101 S.Ct. 1097, 1100, n. 5, 67 L.Ed.2d 220 (1981). And procedural accommodations to prisoners are a familiar

aspect of our jurisprudence. See, *e.g.,* 28 U.S.C. § 2255 (1988 ed.) (habeas review in spite of an adverse final appellate decision); *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (relief for ineffective assistance of retained counsel on appeal)....

*Id.* at ——, 116 S.Ct. at 603.

In order to avoid future confusion in the district courts, we join our sister circuits in holding that the analysis of *Pioneer* is also applicable to civil appeals under Fed. R.App. P. 4(a). *See Fink v. Union Central Life Ins. Co.,* 65 F.3d 722, 723–24 (8th Cir.1995); *Reynolds v. Wagner,* 55 F.3d 1426, 1429 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 339, 133 L.Ed.2d 237 (1995); *Virella–Nieves v. Briggs & Stratton Corp.,* 53 F.3d 451, 454 n. 3 (1st Cir.1995); *City of Chanute, Kan. v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995).

■ We note, however, that a district court should not carte blanche grant motions for extensions of time under Fed. R.App. P. 4. The authority to grant such extensions relies on the court's equitable powers. *Pioneer,* 507 U.S. at 389, 113 S.Ct. at 1495. When the Federal Rules of Appellate Procedure were created, our approach to a late notice of appeal was clear. However, subsequent amendments to the rules have clouded the procedures we are to follow. Now we are required to interpret Rule 4 through the prism created by the Supreme Court in *Pioneer* and *Stutson.* When requesting an extension of time, the party seeking the extension must first establish excusable neglect. If no excusable neglect is shown, the extension cannot be granted. Should the district court find excusable neglect, the court must then examine the questions of prejudice and bad faith. If there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration, the district court may then choose to exercise its discretion and deny the requested extension. *Id.* at 398, 113 S.Ct. at 1499–1500.

As the district court did not have the opportunity to evaluate Thompson's motion under the expanded definition of excusable neglect, we remand the case to the district

court for the limited purpose of reevaluating its decision under *Stutson*. *Stutson*, —— U.S. at ——, 116 S.Ct. at 603. We reserve our decision on whether or not to reinstate Thompson's appeal in case No. 95–1272 until after the district court has had an opportunity to reexamine its previous order on remand.