William D. ZACK, Petitioner–Appellant,

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 96–2089.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 8, 1997.

Decided Jan. 9, 1998.

Bruce S. Menken (argued and briefed), Shelly A. Stasson, West Bloomfield, Michigan, William D. Zack, Troy, MI, for Petitioner–Appellant.

Peter A. Caplan (argued), Patricia G. Blake (briefed), Office of the U.S. Attorney, Detroit, Michigan, for Appellee.

Before: KENNEDY, JONES, and CLAY, Circuit Judges.

**OPINION**

KENNEDY, Circuit Judge.

Petitioner, William D. Zack, appeals the denial of his motion, pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, to extend the time to file a notice of appeal from a judgment denying a motion to vacate sentence filed under 28 U.S.C. § 2255. The District Court held that Rule 4(a)(6) of the Federal Rules of Appellate Procedure is the sole provision under which a party who has failed to receive prompt notice of the entry of a judgment or order may seek to extend the period in which to file a notice of appeal. For the reasons set forth below, we conclude that it is not and, therefore, **REVERSE** the judgment of the District Court and remand for further proceedings.

## I.

On May 23, 1991, petitioner was convicted of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, two counts of tax evasion and seven counts of filing false tax returns, in violation of 26 U.S.C. § 7201 *et seq.* His conviction was affirmed by this Court on direct appeal, *see United States v. Zack,* No. 91–2150, 1993 WL 8744 (6th Cir.1993)(unpublished disposition), and petitioner subsequently filed several motions *pro se* seeking a new trial and to vacate his sentence under 28 U.S.C. §§ 2241 and 2255. The District Court denied all of petitioner's motions and all denials appealed were affirmed by this Court. *See, e.g., Zack v. United States,* No. 93–2493, 1994 WL 284088 (6th Cir.1994)(unpublished disposition); *United States v. Zack,* No. 93–1045, 1993 WL 206474 (6th Cir.1993)(unpublished disposition); *Zack v. United States,* No. 92–2286, 1993 WL 64156 (6th Cir.1993)(unpublished disposition).

On March 1, 1996, petitioner filed another motion to vacate his sentence which is at issue in the current action. On April 18, 1996, the District Court entered a judgment denying the motion to vacate and issued an order requiring petitioner to seek written permission from the District Court before filing any additional civil actions or pleadings in the United States District Court for the Eastern District of Michigan. According to petitioner, he did not learn of this order until June 5, 1996, and did not receive a copy of it until June 13, 1996. At the time he received a copy of the notice, approximately five days remained in the sixty-day appeal period under Rule 4(a) of the Federal Rules of Appellate Procedure. Once petitioner learned of the order, he contacted counsel who told him he would have to see the order before advising him. While petitioner received the order on June 13, 1996, he did not meet with counsel until June 22, 1996 and, thus, after the sixty-day period to file a notice of appeal had expired.

On July 11, 1996, petitioner, through counsel, filed a motion for an extension of time within which to file a notice of appeal under Rule 4(a)(5) of the Federal Rules of Appellate Procedure. The District Court denied the motion ruling that only Rule 4(a)(6) applied to the facts underlying petitioner's motion. Rule 4(a)(6) permits a district court to reopen the time to appeal for fourteen days where a party failed to receive notice of the entry of an order or judgment within twenty-one days of its entry. However, in order to fall within the purview of Rule 4(a)(6), the party who failed to receive notice of the entry of an order or judgment must seek to reopen the time for appeal within 180 days of its entry or within seven days of the receipt of the notice. Because petitioner's motion failed to meet either of these requirements, the District Court denied the motion. It is from the denial of his Rule 4(a)(5) motion that petitioner appeals.

## II.

■ In this appeal, we must determine whether a party who has failed to receive prompt notice of the entry of a judgment or order is limited to the relief provided in Rule 4(a)(6) or may also seek an extension under Rule 4(a)(5).

Rule 4(a)(5) allows a district court to extend the time period during which a party may file a notice of appeal if the party seeks an extension within thirty days after the appeal period has expired. The Rule specifically provides as follows:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

Fed. R.App. P. 4(a)(5). Recognizing that parties occasionally fail to file a notice of appeal within the prescribed time under Rule 4(a) or within the time allotted for an exten-

sion in Rule 4(a)(5) due to a court clerk's error in failing to mail a notice of entry of a judgment or order, in 1991, Rule 4(a)(6) was adopted to provide additional relief. *See* Advisory Committee Note to 1991 Amendment to Fed. R.App. P. 4. As explained by the committee notes describing the 1991 amendment, Rule 4(a)(6) "provides a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court ... is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal." Advisory Committee Note to 1991 Amendment to Fed. R.App. P. 4. Rule 4(a)(6) now provides as follows:

> The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

Fed. R.App. P. 4(a)(6).

In its order denying the petitioner's motion for an extension, the District Court held that, because petitioner was claiming he received late notice of the April 18 order, only Rule 4(a)(6) applied. Because petitioner did not file his motion for an extension within seven days following his receipt of the notice, the District Court denied the motion.

▇▇▇ We believe the District Court erred in concluding that petitioner's only relief could be found under Rule 4(a)(6). "[The] 1991 amendment to Rule 4(a) provided that, under narrowly defined circumstances, a court may reopen a time for appeal *that has otherwise expired even after both the initial appeal time and the additional 30 days allowed by Rule 4(a)(5) have gone by.*" 16A

Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3950.3 (2d ed.1996)(emphasis added). Thus, Rule 4(a)(6) was enacted to provide a party an additional window of opportunity to file a notice of appeal where the additional period allowed under Rule 4(a)(5) has expired; it was not intended to be the exclusive avenue by which to seek a remedy where a party has received late notice of the entry of a judgment or order. *See Latham v. Wells Fargo Bank, N.A.,* 987 F.2d 1199 (5th Cir.1993)(where plaintiff failed to seek an extension within seven days of receipt of a notice of entry of an order pursuant to Rule 4(a)(6), court addressed whether plaintiff met the excusable neglect standard of Rule 4(a)(5)). The District Court thus erred in failing to address petitioner's request for an extension of the appeal period under Rule 4(a)(5). Because petitioner filed the motion for extension within thirty days following the expiration of the sixty-day appeal period, petitioner may find relief under this provision if he can demonstrate excusable neglect.[1] While petitioner requests that we examine the merits of his motion under Rule 4(a)(5), we decline to do so. Whether to grant an extension under Rule 4(a)(5) is within the discretion of the trial court. *See Baker v. Raulie,* 879 F.2d 1396, 1399 (6th Cir.1989). We, therefore, remand the case to the District Court for it to exercise its discretion in determining whether petitioner has satisfied the excusable neglect standard of Rule 4(a)(5).

### III.

For the foregoing reasons, the judgment of the District Court is **REVERSED** and the case is **REMANDED** to the District Court for further proceedings consistent with this opinion.

---

1. While Rule 4(a)(5) states that a district court may grant an extension if the movant demonstrates "excusable neglect or good cause," the Advisory Committee Notes clarify that a showing of excusable neglect must be made if the motion is filed after the time for filing the notice of appeal has run; an extension upon a showing of good cause is permissible only when the motion is filed before the expiration of the initial appeal period. *See* Advisory Committee Notes to 1979 Amendment to Fed. R.App. 4(a)(5); *see also Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir.1989).