**AIRLINE PROFESSIONALS ASSOCIATION, Teamsters Local Union 1224, Affiliated with the International Brotherhood of Teamsters–Airline Division, AFL—CIO, Plaintiff,**

v.

**ABX AIR, INC., Defendant.**

**No. C–1–99–103.**

United States District Court, S.D. Ohio, Western Division.

June 13, 2000.

John Robert Doll, Logothetis Pence and Doll,Dayton, OH; for Airline Professionals, Association Teamsters Local Union 1224 Affiliated with the International Brotherhood of Teamsters Airline Division AFL—CIO, plaintiff.

Scott A Carroll, Vorys Sater Seymour & Pease, Cincinnati, OH, Thomas J Kassin, Ford & Harrison, Atlanta, GA, for ABX Air Inc, defendant.

**ORDER**

SPIEGEL, Senior District Judge.

This matter is before the Court on Plaintiff's Motion for an Extension of Time in which to File a Notice of Appeal and Memorandum in Support (doc. 20); Defendant's Memorandum in Opposition to

---

Plaintiff's Motion (doc. 21); and Plaintiff's Reply (doc. 22).

Plaintiff Airline Professionals Association, Teamsters Local Union 1224, affiliated with the International Brotherhood of Teamsters–Airline Division, AFL—CIO, brought an action on February 16, 1999 to vacate an arbitration award handed down in 1998 by Defendant ABX Air, Inc.'s Arbitration System Board of Adjustment (*see* doc. 1). The specific facts underlying this action are detailed in the Court's March 20, 2000 Order (doc. 18), which granted summary judgment in favor of Defendant, and need not be repeated here.

Plaintiff now seeks to appeal our March 20, 2000 Order. On April 21, 2000, Plaintiff filed a motion requesting that the Court extend the time for filing a notice of appeal by two (2) days. In the motion, Plaintiff avers that, "[d]ue to counsel's extensive travel and the press of business, counsel was unable to meet the filing date for the Notice of Appeal" (doc. 20). Plaintiff further refines its reasons for failing to file a timely notice of appeal in its reply, stating that its counsel's "unusual travel schedule" and "length of time out of the office" caused Plaintiff to miss the deadline (doc. 22). Plaintiff also asserts that Defendant would not be prejudiced by the extension of time. However, in response, Defendant argues that Plaintiff should not be allowed an extension of time because Plaintiff fails to show excusable neglect for its failure to timely file a notice of appeal (doc. 21).

Pursuant to Federal Rule of Appellate Procedure 4(a)(1), a notice of appeal in a civil case "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R.App.P. 4(a)(1) (West 2000). According to the Supreme Court, "[t]his 30–day time limit is 'mandatory and jurisdictional.'" *Browder v. Director, Ill. Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (citations omitted); *see also Coleman v. Thompson,* 501 U.S. 722, 751, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Baker v. Raulie,* 879 F.2d 1396, 1398 (6th Cir.1989).

Nonetheless, Federal Rule of Appellate Procedure 4(a)(5) "allows a district court to extend the time period during which a party may file a notice of appeal if the party seeks an extension within thirty days after the appeal period has expired" and if the party demonstrates excusable neglect. *Zack v. United States,* 133 F.3d 451, 452, 453 n. 1 (6th Cir.1998) (clarifying that a showing of excusable neglect is required when the motion is brought after the time for filing the notice of appeal has run). Rule 4(a)(5) specifically states, in pertinent part, that:

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

Fed.R.App.P. 4(a)(5) (West 2000).

The Supreme Court provided a more liberal interpretation of excusable neglect in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Addressing excusable neglect in the context of Federal Rule of Bankruptcy 9006(b)(1), the Supreme Court wrote:

Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at

bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* Although set forth in a bankruptcy case, this interpretation of excusable neglect is not limited to the Federal Rules of Bankruptcy. *United States v. Thompson,* 82 F.3d 700, 702 (6th Cir.1996).

In *Thompson,* the Sixth Circuit held that the *Pioneer* interpretation also applies in civil cases to the excusable neglect standard of Rule 4 of the Federal Rules of Appellate Procedure. *Id.,* 82 F.3d at 702. The Sixth Circuit wrote that, pursuant to *Pioneer,* "[n]eglect ... encompasses both simple, faultless omissions to act and omissions caused by carelessness." *Id.* The Sixth Circuit further instructed that:

When requesting an extension of time, the party seeking the extension must first establish excusable neglect. If no excusable neglect is shown, the extension cannot be granted. Should the district court find excusable neglect, the court must then examine the questions of prejudice and bad faith. If there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration, the district court may then choose to exercise its discretion and deny the requested extension.

*Id.* (citing *Pioneer,* 507 U.S. at 398, 113 S.Ct. 1489). The Sixth Circuit also cautioned that, notwithstanding *Pioneer,* "a district court should not carte blanche grant motions for extensions of time under Fed.R.App.P. 4." *Id.*

In addition, the more liberal interpretation of excusable neglect does not alter the rule that clients must be "held accountable for the acts and omissions of their chosen counsel." *Pioneer,* 507 U.S. at 396–97, 113 S.Ct. 1489; *see also Allen v. Murph,* 194 F.3d 722, 724 (6th Cir.1999) (holding clients accountable for their counsel's failure to arrange for another attorney to cover their case during his vacation). Moreover, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer,* 507 U.S. at 392, 113 S.Ct. 1489. In *Pioneer,* the Supreme Court found that the delay in filing a proof of claim was the result of excusable neglect primarily due to the "'peculiar and inconspicuous placement'" of the deadline for filing a proof of claim, or "bar date", in the notice of a creditor's meeting. *Id.* at 398, 113 S.Ct. 1489. The Supreme Court noted that, "[i]n assessing the culpability of respondent's counsel, we give little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date." *Id.*

With this limiting language from the Supreme Court perhaps in mind, the Sixth Circuit maintained subsequent to *Pioneer* that "a finding of excusable neglect requires 'unique or extraordinary circumstances.'" *Duncan v. Washington,* 25 F.3d 1047, No. 93–1171, 1994 WL 232397, at *2 (6th Cir. May 27, 1994) (citing *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir. 1989) ("It is well settled that leave to file an untimely notice of appeal is to be granted only in unique or extraordinary circumstances.")). In *Marsh,* a case decided prior to *Pioneer,* the Sixth Circuit dismissed an appeal as untimely after concluding that the attorney's errors related to his untimely filing of a notice of appeal "indicate the type of inadvertence arising from lack of diligence." *Id.* at 131. In *Marsh,* the attorney did not learn of a judgment until three weeks after its entry, despite the fact that his office received notice of the judgment immediately, and then the attorney miscalculated the time period for filing a notice of appeal. *Id.*

Likewise, in *Baker,* another case decided before *Pioneer,* the Sixth Circuit found that a party could not meet the excusable neglect standard by showing that his coun-

sel was involved in a trial during the time period for filing a notice of appeal. *Id.,* 879 F.2d at 1399. Relying on *Marsh* as well as *Pinero Schroeder v. Federal Nat'l Mortgage Ass'n,* 574 F.2d 1117, 1118 (1st Cir.1978), the Sixth Circuit wrote in *Baker* that " 'the filing of a notice of appeal does not require much thought or time and ... the fact that an attorney [is] "busy" on another matter [does] not constitute excusable neglect.' " *Baker,* 879 F.2d at 1400 (quoting *Marsh,* 873 F.2d at 131) (brackets in original).

When applying the *Pioneer* interpretation of excusable neglect, courts still demand, as the Sixth Circuit did in *Baker* and *Marsh,* that an attorney show more than a busy practice or absence from the office to merit an extension of the time in which to file a notice of appeal. *See Deym v. von Fragstein,* 127 F.3d 1102, Nos. 97–3097, 97–3127, 1997 WL 650933, at *2, 3 (6th Cir. Oct.16, 1997) (holding that, despite a minimal delay in filing, the disruption in the attorney's law office together with his own workload could not meet the excusable neglect standard); *Duncan,* No. 93–1171, 1994 WL 232397, at *2 (noting with authority that "(bankruptcy courts do not normally treat being out of town as a unique or extraordinary circumstance")); *In re Mizisin,* 165 B.R. 834, 835 (Bankr. N.D.Ohio 1994) (holding that "[m]isunderstanding of the Bankruptcy Code and Rules and heavy workload of counsel do not constitute excusable neglect").

In the case at bar, Plaintiff filed a motion for an extension of time within thirty days after the appeal period for his civil action expired. As explained above, the Court is therefore required to apply the excusable neglect standard to Plaintiff's motion. *See Zack,* 133 F.3d at 453 n. 1; *see also* Fed.R.App.P. 4(a)(5) advisory committee note to 1979 amend. After reviewing this matter, the Court finds that Plaintiff fails to satisfy the excusable neglect standard of Rule 4(a)(5). An attorney's "travel schedule" and "length of time out of the office" are both circumstances reasonably anticipated in the legal profession, and the failure of an attorney to keep track of judgments and filing deadlines during a lengthy absence from the office does not constitute excusable neglect. Pursuant to *Thompson,* since no excusable neglect is shown, the Court cannot grant an extension of time under Rule 4(a)(5). *Id.,* 82 F.3d at 702.

Accordingly, for the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for an Extension of Time (doc. 20).

SO ORDERED.