W. Ashton HAUS Plaintiff

v.

BECHTEL JACOBS COMPANY, LLC Defendants

No. CIV.A.5:03CV–56–R.

United States District Court,
W.D. Kentucky,
Paducah Division.

Nov. 19, 2004.

---

Kerry D. Smith, McMurry & Livingston, Paducah, KY, for Plaintiff.

James P. Baker, Virginia H. Perkins, Orrick, Herrington & Sutcliffe LLP, San Francisco, CA, for Defendants.

## MEMORANDUM OPINION AND ORDER

RUSSELL, District Judge.

This matter is before the court on the Motion for an Extension of Time to File a Notice of Appeal (Dkt.# 18) of Defendant Bechtel Jacobs Company, LLC ("Bechtel"). Plaintiff Haus responded (Dkt.# 24), Bechtel replied (Dkt.# 26), and this motion is now ripe for decision. For the reasons below, this Court GRANTS Bechtel's motion.

On August 5, 2004, this Court entered a Memorandum Opinion (Dkt.# 13) and an accompanying Order (Dkt.# 14) in disposition of Mr. Haus's case against Bechtel Jacobs. For a number of reasons, Defendants failed to file a Notice of Appeal as required by Fed. R.App. P. 4(a). Nevertheless, that same rule permits courts to grant a party's motion for extension of time to file a notice of appeal if "that party shows excusable neglect or good cause." Fed. R.App. P. 4(a)(5)(A)(ii). According to the Advisory Committee's note to the 2002 Amendments to this rule:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need

for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R.App. P. 4(a)(5)(A)(ii) advisory committee's note. A finding of either "good cause" or "excusable neglect," then, will be sufficient to warrant a grant of the movant's motion for extension of time.

The United States Supreme Court addressed the issue of what constitutes "excusable neglect" in the context of bankruptcy law in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership.* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The Sixth Circuit Court of Appeals held in *United States v. Thompson,* 82 F.3d 700, 702 (6th Cir.1996) that the standard set forth in *Pioneer* applies in civil cases as well as bankruptcy cases. The *Pioneer* court defined "neglect" as "late filings caused by inadvertence, mistake, or carelessness." *Pioneer,* 507 U.S. at 388, 113 S.Ct. 1489. It then prescribed an "equitable" determination, "taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S.Ct. 1489. The factors it discussed included: (i) danger of prejudice to the other party; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay; and (iv) the movant's good faith. *Id.* In this case, the Court believes that an examination of the equities based on these factors weighs in favor of the movant.

In this case, the length of the delay was not outlandish—less than 60 days after the filing of the final judgment—and Plaintiff's counsel does not argue, nor does this Court find, a significant danger of prejudice to Mr. Haus in allowing the appeal to go forward. The delay, it appears, was caused by a change in counsel from one law firm to another; once Bechtel's current counsel were retained in the matter, they acted promptly to file the motion for an extension and the appeal appears to be

404

taken in good faith. Since the case turned on a question of statutory interpretation—specifically, the ERISA statute—an appeal of this Court's interpretation of the law and the language of the policies in question is a reasonable one. For these reasons, the equities balance in favor of allowing Bechtel to file its notice of appeal despite its tardiness.

For the reasons above, Bechtel's Motion for an Extension of Time to File a Notice of Appeal is hereby **GRANTED**. This is a final and appealable order.

**IT IS SO ORDERED.**