*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 07b0014n.06**
**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re

     YING LY

               Debtor.

_____

MATTHEW-JOSEPH CREHAN,

     Plaintiff - Appellant,

       v.

YING LY,

     Defendant - Appellee.

_____

No. 06-8095

Appeal from the United States Bankruptcy Court
for the Western District of Michigan, at Grand Rapids
No. 05-81380

Submitted: August 1, 2007

Decided and Filed: October 5, 2007

Before: AUG, PARSONS, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Matthew-Joseph Crehan, Muskegon, Michigan, pro se.

---

## OPINION

---

MARCIA PHILLIPS PARSONS, Bankruptcy Appellate Panel Judge. A pro se litigant appeals the order of the bankruptcy court denying his motion to extend time to file an appeal. For the reasons that follow, the order of the bankruptcy court is AFFIRMED.

### I. ISSUE ON APPEAL

The issue on appeal is whether the bankruptcy court abused its discretion in concluding that the failure to file a timely notice of appeal or motion for extension of time was not the result of excusable neglect.

### II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel has jurisdiction to decide this appeal. The United States District Court for the Western District of Michigan has authorized appeals to the BAP, and a final order of the bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). An order, for the purpose of an appeal, is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989). "An order denying a motion for extension of time to file a notice of appeal pursuant to Fed. R. Bankr. P. 8002(c)(2) is a final order." *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997); *see also Schmidt v. Boggs (In re Boggs)*, 246 B.R. 265, 267 (B.A.P. 6th Cir. 2000).

The bankruptcy court's denial of a motion for extension of time to file a notice of appeal is reviewed for abuse of discretion. *Allied Domecq Retailing USA v. Schultz (In re Schultz)*, 254 B.R. 149, 151 (B.A.P. 6th Cir. 2000) (quoting *In re Hess*, 209 B.R. at 80)); *see also Baker v. Raulie*, 879 F.2d 1396 (6th Cir. 1989); *Marsh v. Richardson*, 873 F.2d 129 (6th Cir. 1989). Under this standard, the bankruptcy court's decision "will be disturbed only if [it] relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Elec. Workers*

2

*Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (quoting *Blue Cross & Blue Shield Mut. v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997)). "An abuse of discretion is defined as a 'definite and firm conviction that the [bankruptcy court] committed a clear error of judgment.'" *In re Eagle-Picher Indus., Inc.*, 285 F.3d 522, 529 (6th Cir. 2002) (quoting *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999); *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.*

### III. FACTS

The facts of the case are straight forward. On or about July 11, 2005, Ying Ly ("Debtor") filed a chapter 7 petition. Thereafter, on October 21, 2005, Matthew-Joseph Crehan ("Appellant") filed a complaint to determine the dischargeability of a debt. After a trial, the bankruptcy court issued an order on June 22, 2006, dismissing the Appellant's complaint for failure to state a cause of action.

On June 26, 2006, the Appellant moved to amend the judgment or, in the alternative, for a new trial, which the bankruptcy court denied on September 25, 2006. On October 25, 2006, the Appellant filed his Motion for Extension of Time to File Appeal ("Motion"). The Appellant stated in the Motion that he had been out of town from September 23, 2006, until October 5, 2006, and therefore did not become aware of the court's decision until October 6, 2006 when he opened his mail.[1] The Appellant also stated that he lives alone and no other party has access to his mail; he did not have an attorney representing him who could have received notice of the order; he was not

---

[1] In his brief filed in this appeal, the Appellant states that when he opened his mail on October 6, 2006, it "would have been physically impossible for [him] to prepare and file a motion with the US Bankruptcy Court-Western District of Michigan before the clerk's office closing time at 4:00 pm[.]" The Appellant states that he lives in Roosevelt Park in Muskegon County, which is forty miles from the bankruptcy court clerk's office in Grand Rapids, Michigan.

an electronic filer with the court; and the Debtor would not be prejudiced if the Motion were granted. The Motion was supported in part by the affidavit of the Appellant.

By order entered November 6, 2006, the bankruptcy court denied the Motion, concluding that the Appellant had failed to establish that his failure to timely file a notice of appeal or motion for extension of time was the result of excusable neglect. The court observed that the mere failure to receive notice of the entry of an order is not an excuse because a party has an affirmative duty to monitor the docket. The court also noted that the Appellant had acknowledged receiving the order on October 6, 2006, but that he gave no explanation for his delay in filing the Motion until October 25, 2006.

The Appellant timely filed his notice of appeal of that decision on November 14, 2006.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 8002(a) states that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." If a party allows this 10-day time period to lapse, however, Rule 8002(c)(2)[2] provides that:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

In the case at hand, the Appellant did not request an extension of the time for filing a notice of appeal within the 10-day time period, which expired on October 5, 2006. The Appellant did, however, file his motion within twenty days thereafter, thus making Rule 8002(c)(2) applicable.

---

[2] Bankruptcy Rule 8002(c)(1) lists certain types of judgments and orders for which a bankruptcy judge may not extend the time for filing a notice of appeal, none of which are involved in the case at hand.

Pursuant to Rule 8002(c)(2), the sole question before the Panel is whether the bankruptcy court abused its discretion in finding that the Appellant's delay in filing the Motion did not result from excusable neglect. "A determination of excusable neglect involves a two-part analysis: first, the bankruptcy court must determine that the failure to timely file was the result of neglect. Second, the court must determine whether the neglect was excusable." *In re Schultz*, 254 B.R. at 153. In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S. Ct. 1489 (1993), the Supreme Court found that "excusable neglect . . . is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. at 392. The *Pioneer* court concluded that "the determination [of whether a party's neglect of a deadline is excusable] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 570 U.S. at 395. These circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. Although the *Pioneer* court was considering "excusable neglect" within the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, the Sixth Circuit Bankruptcy Appellate Panel has determined that the *Pioneer* standard also applies to Rule 8002(c). *See In re Schultz*, 254 B.R. at 153.

The Sixth Circuit Court of Appeals has cautioned that, notwithstanding *Pioneer*, courts "should not carte blanche grant motions for extensions of time" to appeal. *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996). In *Thompson*, the court explained the analysis in determining such a motion as follows:

> When requesting an extension of time, the party seeking the extension must first establish excusable neglect. If no excusable neglect is shown, the extension cannot be granted. Should the district court find excusable neglect, the court must then examine the questions of prejudice and bad faith. If there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration, the district court may then choose to exercise its discretion and deny the requested extension.

*Id*. In addition, the Sixth Circuit has maintained even after *Pioneer* that a finding of excusable neglect "requires unique or extraordinary circumstances." *See Considine v. Atkinson*, 188 F.3d 506, 1999 WL 644352, at *2 (6th Cir. Aug. 18, 1999) (unpublished table decision); *Duncan v.*

5

*Washington*, 25 F.3d 1047, 1994 WL 232397, at *2 (6th Cir. May 27, 1994) (unpublished table decision); *see also FHC Equities, LLC v. MBL Life Assurance Corp.*, 188 F.3d 678, 686 (6th Cir. 1999).

Moreover, the pro se status of a litigant does not exempt him from compliance with rules of procedure. *See*, *e.g.*, *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Although courts do apply "less stringent standards" to filings by pro se litigants, such lenient treatment has limits. *See, e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Id*. (citing *Jourdan*, 951 F.2d at 110).

In the case at hand, the bankruptcy court found that the Appellant's explanation, that he had not received notice of the order until October 6, 2006, because he had been out of town, did not establish excusable neglect. As stated by the bankruptcy court:

> "[I]t is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets." *Warrick v. Birdsell (In re Warrick)*, 278 B.R. 182, 187 (Bankr. 9th Cir. 1002); FED. R. BANKR. P. 9022 ("[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002"); *see also Duncan v. Washington*, 25 F.3d 1047 (Table), 1994 WL 232397 at *2 (6th Cir. 1994) ("Bankruptcy courts do not normally treat being out of town as a unique or extraordinary circumstance [that would support a finding of excusable neglect].").
>
> Further, the [Appellant] acknowledges that he received notice of entry of this court's order on October 6, 2006. But he did not file [the Motion] until October 25, 2006. The [Appellant] has offered no explanation for this delay.

The Appellant argues that the bankruptcy court erred by discussing only one of the *Pioneer* factors, namely the reason for the delay, and its failure to address the other criteria – the danger of prejudice to the debtor, the length of the delay, the delay's potential impact on judicial proceedings, and the movant's good faith – necessitates a reversal of the order in question. In support of his position, the Appellant cites *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000). In *Bateman*, the appellant argued that the district court abused its discretion by not applying the equitable test from *Pioneer* in making a determination of excusable neglect. 231 F.3d at 1222. The

district court's order failed to list the *Pioneer* factors and the relevant *Pioneer* standard in general. *Id*. at 1224. The court of appeals agreed, concluding that the district court had not engaged in the equitable analysis mandated by *Pioneer* because it only addressed one of the *Pioneer* factors, the reason for the delay. *Id*. The *Bateman* court observed that "[t]he court would have been within its discretion if it spelled out the equitable test and then concluded that [the appellant's attorney] had failed to present any evidence relevant to the four factors. But it abused its discretion by omitting the correct legal standard altogether." *Id*. The court of appeals noted that it was "particularly sensitive" to the omission of the equitable analysis by the district court because, in its opinion, the appellant had proven excusable neglect. *Id*.

As noted previously, however, the Sixth Circuit Court of Appeals has directed that a movant must first establish that its neglect is excusable, and only then is the court required to consider questions of prejudice and bad faith. *Thompson*, 82 F.3d at 702. In this case, the only reason offered for the Appellant's failure to timely file a notice of appeal is that he was out of town for a period of thirteen days, during which the bankruptcy court entered its order denying the Appellant's motion for reconsideration. Given the short ten-day period in which an appeal must be filed in a bankruptcy case, a reasonable person could conclude that the Appellant's failure to take some steps to ensure that he receive notice of the bankruptcy court's decision while he was gone is inexcusable. Simply being out of town, without more, is not a sufficiently unique or extraordinary circumstance to constitute excusable neglect. *See Duncan*, 1994 WL 232397 at *2 ("Bankruptcy courts do not normally treat being out of town as a unique or extraordinary circumstance.").

And, even if this Panel accepts the *Bateman* decision as instructive, the bankruptcy court's order sufficiently complied with the standards set forth in that case. First, the bankruptcy court expressly set forth the correct legal standard from *Pioneer*, including a recitation of the factors that the *Pioneer* court stated were relevant. Thereafter, the bankruptcy court stated that "[a]pplying these factors, the [Appellant] has failed to establish that his failure to timely file a notice of appeal or motion for extension of time was the result of excusable neglect." Thus, there was an implied consideration of all the *Pioneer* factors. And, while the court only expressly discussed the reason for the delay and the length of the delay, the question of the Appellant's good faith was implicit in

7

the court's observation that the Appellant had given no explanation for his almost three-week delay in filing the Motion after he first became aware of the court's order. This additional delay and the Appellant's failure to address it cast doubt on the Appellant's good faith. Coupled with the complete failure of the Appellant to plan for the bankruptcy court's ruling while he was out of town, the questionable good faith shifted the equities against granting the Appellant the requested relief, even assuming the lack of prejudice to the Debtor or the lack of a negative impact on the judicial proceedings.[3] As such, the bankruptcy court herein did, in fact, conduct the equitable analysis that was lacking in *Bateman*.

## CONCLUSION

Because the bankruptcy court applied the correct standard of law and there is no indication that a reasonable person could not agree with its decision, the bankruptcy court did not abuse its discretion in overruling the Motion. For the foregoing reasons, the order of the bankruptcy court is AFFIRMED.

---

[3] It could be argued that the Appellant provided no evidence of these *Pioneer* factors. The Motion simply recited in conclusory fashion the following:

8. Debtor will not be prejudiced if this motion is granted.
9. The short length of delay will not have any negative impact on judicial proceedings.

The affidavit filed by the Appellant in support of the Motion did not reference these conclusions.

8